Filed 5/21/24  P. v. Bunn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099700 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F06142) |
| v. | |
| GARY LAMONT BUNN, | |
| Defendant and Appellant. | |

Defendant Gary Lamont Bunn appeals from a postconviction order denying his resentencing petition under Penal Code section 1172.6.[1]  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and *People v.*

---

[1]     Undesignated section references are to the Penal Code.  Defendant's petition references section 1170.95, the prior version of the statute.  At the time defendant filed the petition, the Legislature had already renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

*Delgadillo* (2022) 14 Cal.5th 216 and asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. Defendant filed a supplemental brief raising several challenges to his original trial. We affirm.

BACKGROUND

In 2010, a jury found defendant guilty of five counts of residential robbery in concert (§ 213, subd. (a)(1)(A)) and two counts of attempted residential robbery (§§ 211, 664). The jury further found true that defendant: (1) personally used a firearm in committing each offense (§ 12022.53, subd. (b)); (2) knew the victim as to one of the robberies was 65 years of age or older (§ 667.9, subd. (a)); and (3) voluntarily acted in concert with others as to one of the robberies (§ 213). The trial court sentenced defendant to 37 years in prison.

On direct appeal, we concluded there was insufficient evidence to support the firearm enhancement as to two of the robberies. (*People v. Bunn* (Sept. 24, 2012, C067731) [nonpub. opn.].) On remand, the trial court resentenced defendant to 37 years. Then, at a subsequent resentencing in 2018, the trial court declined to exercise its discretion to strike the remaining firearm enhancements and, again, sentenced defendant to 37 years. (See *People v. Bunn* (May 12, 2021, C091654) [nonpub. opn.].) We affirmed the judgment. (*Ibid.*)

In 2023, defendant petitioned for resentencing pursuant to section 1172.6. The trial court denied the petition because defendant did not have a qualifying conviction of murder, attempted murder, or manslaughter. Defendant timely appealed.

DISCUSSION

In his supplemental brief, defendant raises issues pertaining to his original trial, including alleged errors relating to trial testimony, jury instructions, the charges brought against him, and the prosecution's dismissal of a special allegation. Defendant also claims that the court stenographer changed certain testimony in the reporter's transcript. We decline to address these claims as they were not, but could have been, raised in

defendant's prior appeals. "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.) The rationale underlying the waiver rule is based on "various policy considerations, including the state's 'powerful interest in the finality of its judgments.' " (*Ibid.*) Any basis for each of these claims was present in defendant's prior appeals and he failed to raise them. He does not argue any justification for the delay in asserting the claims, nor that any significant change in the law or facts has occurred warranting their belated consideration, and we have found none. (*Ibid.*)

Finally, although defendant's supplemental brief does not address the trial court's order denying his postconviction petition, and although we are not required to do so (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222, 232), we have independently reviewed the record as to the postconviction motion and found no arguable errors that are favorable to defendant.

DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.


_____\s\_____,
Krause, J.



We concur:



\_\_\_\_\_\s\_____,
Earl, P. J.



\_\_\_\_\_\s\_____,
Boulware Eurie, J.

3